No. 10,310

ANDERSON *v.* WISE, ET AL.

Decided January 5, 1925.

Action for injunction and damages. Judgment for defendants.

*Affirmed.*

1. APPEAL AND ERROR—*Insufficient Evidence.* The evidence being clearly insufficient to support the allegations of the complaint, judgment of dismissal was properly entered.

*Error to the District Court of Boulder County, Hon. George H. Bradfield, Judge.*

Mr. F. S. LUETHI, Messrs. CARLSON & ERICKSON, Mr. W. R. RAMSEY, for plaintiff in error.

Messrs. MARTIN, NEWCOMER, FITZGERALD & TINGLOF, Messrs. BARDWELL, HECOX, McCOMB & STRONG, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

*On Rehearing.*

THE former opinion announced in this case will be withdrawn. The plaintiff in error, plaintiff below, brought suit against defendants in error, Wise and The Leyner-Cottonwood Consolidated Ditch Company, to restrain them from obstructing and preventing the passage of water through a lateral ditch running across the lands of defendant Wise, and for damage to his crops. At the close of the plaintiff's case on the trial below, the court dismissed the complaint, and the plaintiff comes here on a writ of error.

We think the judgment of the court dismissing the complaint was right. The evidence of the plaintiff was clearly

insufficient to support the allegations of the complaint. There was no evidence whatever to sustain the allegations of unlawful connivance and fraud on the part of the defendants in controlling the ditches or obstructing the flow of water therein.

The evidence shows that neither the ownership nor possession of the Wise lateral ever passed from defendant Wise to the defendant company, or that the company, from the time of its organization in 1899 to the present, ever assumed control or asserted ownership over it. The company never assumed to take over the lateral on the dependent conditions as proposed by Wise prior to its organization.

Plaintiff's evidence was insufficient to establish ownership in the defendant ditch company of the Wise lateral, and the judgment dismissing the complaint must therefore be affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.